UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-30002-MGM |
| | ) | |
| MILFORD LEWIS and | ) | |
| TIANA LEWIS | ) | |

MEMORANDUM AND ORDER ON GOVERNMENT'S MOTION
FOR A PROTECTIVE ORDER
(Dkt. No. 27)

I.      INTRODUCTION

Pending before this court is the government's motion for entry of a protective order

limiting the disclosure of material it turns over in discovery in criminal action number 16-30002-

MGM (Dkt. No. 27).  The defendants do not oppose entry of a protective order.  One of the

defendants, however, opposes certain provisions in the order proposed by the government (Dkt.

No. 28).  For the reasons set forth below, the court will allow the government's motion for a

protective order, incorporating, however, certain of the revisions requested by defendant Milford

Lewis.

II.      DISCUSSION

1.   Justification for a protective order

Milford Lewis and Tiana Lewis, defendants in this case, are charged by indictment with

conspiring to commit sex trafficking, sex trafficking; inducing travel to engage in prostitution;

transporting an individual to engage in prostitution; and extortionate threats (Dkt. No. 21).  This

case includes allegations of physical injury inflicted by Milford Lewis against one or more of the

individuals the defendants allegedly recruited to engage in prostitution, as well as allegations of

threats of physical injury by the defendants to some of the individuals whom the defendants allegedly recruited.  These individuals are potential witnesses in this human trafficking case.

Under Rule 16(d) of the Federal Rules of Criminal Procedure, "good cause provides the basis for entering a protective order."  *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012) (citing Fed. R. Crim. P. 16(d)(1); *United States v. Lee*, 374 F.3d 637, 652 (8th Cir. 2004)). "Good cause remains the standard even where, as here, the parties [have] agreed to . . . a protective order."  *Id.*  To show good cause for a protective order, the government must make a particularized showing of potential harm if information disclosed in discovery does not remain confidential.  *See, e.g., United States v. Wecht*, 484 F.3d 194, 211 (3rd Cir. 2007) ("'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing'") (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3rd Cir. 1984)); *see also Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986).

Here, the government has requested a blanket protective order, which would govern the terms and conditions on which the defendants and their attorneys may review and disclose to third parties any of the discovery material turned over by the government.[1]  *See Peloquin v. Garden Way, Inc.*, 989 F.2d 527, 532 (1st Cir. 1993) (protective orders range in type from blanket orders in which everything is tentatively protected until otherwise ordered, to narrow orders protecting against disclosure of limited and specific kinds of information).  Neither defendant has objected to the breadth of the requested order (Dkt. Nos. 27, 28).  Because a blanket protective order extends protection to all documents produced by the government, the

---

[1] Although not argued as a basis for the blanket protective order proposed in this case, "[b]lanket protective orders 'expedite the flow of discovery' and avoid the time consuming, inefficient process of a document by document review."  *United States v. Bulger*, 283 F.R.D. 46, 52 n.11 (D. Mass. 2012).  They are particularly useful, therefore, when the government anticipates turning over a large volume of information.  *See id.*

government is not required to make a particularized showing of a need for confidentiality as to any specific document. *See Bulger*, 283 F.R.D. at 52-53. Thus, the question is whether, even though the government has not shown a need for confidentiality as to specific document or categories of information that it will produce in this case, it has generally justified maintaining the confidentiality of information it produces to these defendants. In the court's view, the government has done so.

The grand jury has found probable cause to believe that the defendants engaged in sex trafficking and made extortionate threats against individuals whom they trafficked for sex (Dkt. No. 21 at 1-2). Defendant Milford Lewis elected not to contest pretrial detention. Ms. Lewis contested pre-trial detention. In ordering Ms. Lewis detained pre-trial, District Judge Mark G. Mastroianni found by clear and convincing evidence that there was no set of conditions of supervised release that would reasonably ensure the safety of the victims or the community at large if Ms. Lewis was released pending trial (Dkt. No. 20). Carmen Ortiz, the United States Attorney for Massachusetts, recently commented at a news conference that individuals who are trafficked for sex should not be perceived as criminals, but rather as "vulnerable victims." George Graham, New Western Massachusetts Human Trafficking Task Force to Take New Approach to Persistent Problem, MassLive (Feb. 15, 2016, 11:40 AM), http://www.masslive.com/news/index.ssf/2016/02/federal_and_state. The government has persuasively identified a risk to the vulnerable victims in this case, who are also potential witnesses, if confidentiality is not maintained at least as to some of the information it will turn over in discovery. Where the request is for a blanket protective order, this is a sufficient showing.

2. Terms of protective order

At the court's request, the parties conferred, and the government made one modification requested by Mr. Lewis to its proposed order.  Mr. Lewis objects to three additional conditions in the government's proposed order, which are addressed in turn herein.  First, Mr. Lewis requests that private investigators be added to the list of individuals to whom defense counsel can disclose discovery material subject to an undertaking by any such investigator to keep confidential any such information disclosed to him or her.  The use of private investigators to build a defense is a standard practice and an investigator who lacks access to discovery materials would be of limited use.  It is possible that attempts at communication from a private investigator would be disturbing to some potential witnesses, but the government cannot expect to wholly shield its case from defense investigation.  For these reasons, the protective order entered by the court will include private investigators in the list of those to whom defense counsel may disclose discovery material, subject to the terms of the protective order.

Second, Mr. Lewis objects to the requirement in the proposed order that individuals shown confidential information by the defense be obligated to sign a copy of the protective order to acknowledge their agreement and obligation to protect the confidentiality of discovery material shown to them.  Leaving aside expert and professional witnesses, Mr. Lewis contends that the signature requirement is likely to discourage potential witnesses and sources of information from cooperating with the defense.  Absent a signature on a copy of the protective order, potential witnesses and sources of information to whom the defense shows discovery material cannot be shown to be bound by the terms of the order.  Further, the signature requirement is a useful reminder and reinforcement of the confidentiality obligation.  These considerations outweigh Mr. Lewis's objections to the signature requirement, which will, therefore, remain as a provision of the protective order.

Finally, the defendant objects to a provision calling for the defense to file *in camera* with the court the original signed confidentiality acknowledgements.  The court sees no reason why the defense should be required to file with the court either the original confidentiality acknowledgements or a list of the individuals shown confidential material.  Rather, defense counsel will be required to maintain the original confidentiality acknowledgements in their files, along with a list of those individuals shown confidential materials, and may be required to file this information with the court in the event of a claim that there has been a violation of the terms of the protective order.

Thus, the court will enter the protective order proposed by the government with the minor modifications described above.  *See United States v. DiMasi*, Cr. No. 09-10166-MLW, 2011 WL 915349, at *1 (D. Mass. Mar. 16, 2011) (court entered protective order proposed by government with minor modifications).

III.    CONCLUSION

For the foregoing reasons, the government's motion for a protective order is allowed. The court will enter a protective order as a separate order of the court.

Dated: February 26, 2016                        /s/ Katherine A. Robertson
                                                KATHERINE A. ROBERTSON
                                                UNITED STATES MAGISTRATE JUDGE